IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






AP-74,720





EX PARTE MARK ROBERTSON







ON APPLICATION FOR WRIT OF HABEAS CORPUS


IN CAUSE NO. W89-85961-L(B) FROM THE


CRIMINAL DISTRICT COURT NO. 5 OF DALLAS COUNTY





Per Curiam. COCHRAN, J., not participating.


OPINION



 Applicant was convicted on February 11, 1991, for the capital murder of Edna Brau,
committed during a robbery on August 19, 1989. We affirmed the conviction and sentence
on direct appeal. Robertson v. State, 871 S.W.2d 701 (Tex. Crim. App. 1993) cert. denied,
513 U.S. 853 (1994). On applicant's initial application for writ of habeas corpus filed
pursuant to Texas Code of Criminal Procedure, Article 11.071, we denied relief. Ex parte
Robertson, WR-30,077-01 (Tex. Crim. App. November 18, 1998). In each state and federal
court, applicant asserted that he had been denied a vehicle for the jury to consider his
mitigating evidence because he had received what has come to be called a "nullification
instruction." In every venue his requests for relief were denied. Just before the date set for
his execution in August 2003, applicant filed a subsequent application, again raising the
claim that the nullification instruction impermissibly limited the jury's ability to consider and
give effect to mitigating evidence presented during trial. On August 19, 2003, this Court
stayed his execution while we considered an identical claim in Ex parte Laroyce Lathair
Smith, 132 S.W.3d 407 (Tex. Crim. App. 2004). However, on June 24, 2004, the United
States Supreme Court decided Tennard v. Dretke, 124 S.Ct. 2562 (2004), and specifically
disapproved of the test used by the Fifth Circuit in Penry (1) claims; the same test used in the
Fifth Circuit decision in the case before us, Robertson v. Cockrell, 325 F.3d 243 (5th Cir.
2003), and also applied by this Court in Ex parte Smith. As a result, the Supreme Court also
reversed our decision in Smith v. Texas, 125 S.Ct. 400 (2004), holding that this Court
assessed the claim under an improper legal standard. Applying the holding in Smith v. Texas
to this case, we held that the claim was unavailable on the date applicant filed his initial
application and that applicant met the requirements for consideration of his subsequent claim
under Article 11.071, Section 5. The case was remanded to the convicting court for
consideration of the claim. The convicting court made detailed findings and conclusions. 
The convicting court found that applicant presented mitigating evidence, for which under
Penry I there had to be an adequate means for the jury to consider beyond the limits of the
special issues, that applicant had requested such a means, and that when presented with the
nullification instruction, applicant objected that it still did not give the jury a proper means
to consider his mitigating evidence. Based on our review of the record, we adopt those
findings and agree that relief should be granted.

 Applicant's sentence is reversed, and the case is remanded to the convicting court for
a new trial on punishment.

Delivered: March 12, 2008

Do Not Publish
1. Penry v. Lynaugh, 492 U.S. 302 (1989) (Penry I).